UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Kimberly-Clark Worldwide, Inc. and<br>Kimberly-Clark Global Sales, LLC,<br><br>        Plaintiffs,<br><br>v.<br><br>First Quality Baby Products, LLC and<br>First Quality Retail Services, LLC, and<br>First Quality Consumer Products, LLC.<br><br>        Defendants. | Civil Action No. 14-cv-502<br><br>ORIGINAL COMPLAINT FOR<br>PATENT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs, Kimberly-Clark Worldwide, Inc. and Kimberly-Clark Global Sales, LLC (collectively, "K-C"), by its attorneys, for its Complaint against Defendants, First Quality Baby Products, LLC ("FQBP"), First Quality Retail Services, LLC ("FQRS"), and First Quality Consumer Products, LLC ("FQCP") (collectively, "First Quality" or "Defendants"), hereby demand a jury trial and alleges as follows:

**THE PARTIES**

1. Kimberly-Clark Worldwide, Inc. and Kimberly-Clark Global Sales, LLC are corporations organized and existing under the laws of the State of Delaware. K-C has manufacturing, research, sales and marketing offices and facilities in Neenah, Wisconsin.

2. Upon information and belief, Defendant FQBP is a limited liability company organized and existing under the laws of the State of Delaware with a place of business at Lewistown, Pennsylvania. Upon information and belief Defendant FQRS is a limited liability company organized and existing under the laws of the State of Delaware with a places of

business at Great Neck, New York and King of Prussia, Pennsylvania. Defendant FQRS is registered to do business in the state of Wisconsin. Upon information and belief Defendant FQCP is a limited liability company organized and existing under the laws of the State of Delaware with a place of business at Great Neck, New York.

## JURISDICTION AND VENUE

3. This action is for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

4. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendants because, *inter alia*, Defendants' infringing products are sold in, distributed to, and shipped into the Western District of Wisconsin, because on information and belief Defendants have done and are doing business in Wisconsin, and in this judicial district, and because FQRS is registered to do business in the state of Wisconsin. Upon information and belief, Defendants have knowingly and intentionally placed their infringing products into the stream of commerce through established distribution channels expecting them to be shipped into and purchased by customers in this judicial district.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b). Upon information and belief, Defendants reside in the Western District of Wisconsin.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,747,379

7. On June 10, 2014, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,747,379 ("the '379 patent") to Amy Lynn Fletcher, Lisa Ann Dimitrijevs, Christopher Peter Olson, Kathleen Irene Ratliff, Shirlee Ann Weber and Susan Lee West, who assigned to K-C the entire right, title, and interest to the '379 patent, including all

rights to recover for all infringements thereof. Kimberly-Clark Worldwide, Inc. is the owner and assignee of the '379 patent. Kimberly-Clark Global Sales, LLC is licensed under the '379 patent. A copy of the '379 patent is attached as Exhibit A.

8. On information and belief, Defendants have been infringing and continue to infringe the '379 patent at least by making, using, offering to sell, selling, and/or importing a training pant product covered by one or more claims of the '379 patent, which have been offered for sale to consumers by First Quality under the "Cuties" brand, and by at least the following retailers under their store brands: Super Valu, Walgreens, Safeway, Rite Aid, Family Dollar, and CVS.

9. K-C has been damaged by Defendants' infringement.

10. Furthermore, Defendants' acts of infringement have been without express or implied license by K-C, are in violation of K-C's rights, and will continue unless enjoined by this Court.

11. K-C provided notice to Defendants of the published patent application (US Patent Application Publication No. 2010/0121293) that issued as the '379 patent at least as early as August 20, 2010. A copy of the August 20, 2010 notice is attached as Exhibit B.

12. Upon information and belief, Defendants' infringement has been in willful disregard of the '379 patent and the rights created thereunder.

13. Upon information and belief, this is an exceptional case because, *inter alia,* of Defendants' willful infringement.

14. K-C has been and will continue to be irreparably harmed by Defendants' infringement of the '379 patent.

## JURY DEMAND

15. Trial by jury is hereby demanded.

## RELIEF SOUGHT

**WHEREFORE**, K-C prays:

A. For injunctive relief against further infringement of the '379 patent by Defendants, their officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with any one or more of them;

B. For damages to compensate K-C for the infringement of the '379 patent;

C. For a reasonable royalty under 35 U.S.C. § 154(d) for violation of K-C's Provisional Rights under its published patent application leading to the '379 patent

D. For prejudgment and postjudgment interest;

E. That K-C be awarded its fees and costs;

F. For treble damages pursuant to 35 U.S.C. § 284 because Defendants' infringement has been willful;

G. For judgment that this is an exceptional case under 35 U.S.C. § 285, and that Defendants shall pay to K-C all its attorneys' fees; and

H. For all such other and further relief as this Court deems just and proper.

Dated: July 11, 2014                    Respectfully submitted,


                                        By: *s/Jennifer L. Gregor*
                                            Jennifer L. Gregor
                                            GODFREY & KAHN, SC
                                            One East Main Street, Suite 500
                                            Madison, WI 53703
                                            Phone: (608) 257-3911
                                            Fax: (608) 257-0609
                                            jgregor@gklaw.com

                                            Daniel T. Flaherty
                                            GODFREY & KAHN, SC
                                            100 West Lawrence Street
                                            P.O. Box 2728
                                            Appleton, Wisconsin 54912-2728
                                            Telephone: (920) 830-2800
                                            Facsimile: (920) 830-3530
                                            dflaherty@gklaw.com

                                            Timothy J. Rechtien
                                            BANNER & WITCOFF, LTD.
                                            10 South Wacker Drive – Suite 3000
                                            Chicago, Illinois 60606
                                            Telephone: (312) 463-5000
                                            Facsimile: (312) 463-5001
                                            trechtien@bannerwitcoff.com

Of Counsel:
Marc S. Cooperman
Matthew P. Becker
Aimee B. Kolz
BANNER & WITCOFF, LTD.
10 South Wacker Drive – Suite 3000
Chicago, Illinois 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001
mcooperman@bannerwitcoff.com
mbecker@bannerwitcoff.com
akolz@bannerwitcoff.com


                                            *Attorneys for Plaintiffs*
                                            *Kimberly-Clark Worldwide, Inc. and*
                                            *Kimberly-Clark Global Sales, LLC*