UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KIMBERLY-CLARK WORLDWIDE INC et al.,

          Plaintiffs,

    v.                               Case No. 14-CV-1466

FIRST QUALITY BABY PRODUCTS LLC et al.,

          Defendants.

## ORDER GRANTING MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY

      This is a patent infringement action brought by Plaintiffs Kimberly-Clark Worldwide Inc. et al. (K-C) against Defendants First Quality Baby Products LLC et al. (FQ) for infringement of U.S. Patent No. 8,747,379 ("the '379 Patent"), which relates to a disposable training pant product with refastenable side seams for potty-training children. This case is the latest in a series of cases between these parties over various K-C patents concerning disposable training pants. On November 26, 2014, FQ filed its second amended answer and counterclaims. FQ's counterclaims are based on the allegations that the present suit for infringement of the '379 patent is baseless and is part of an ongoing campaign by K-C to illegally restrain competition in this market and assert violations of Section 2 of the Sherman Antitrust Act, 15 U.S.C. § 2, the Wisconsin Antitrust Act, Wis. Stat. § 133.01 *et seq*., and Wis. Stat. § 100.20, which prohibits unfair methods of competition in business and unfair trade practices (the antitrust counterclaims).

      K-C has filed a motion to stay discovery on and separate the antitrust counterclaims from its infringement claim, a motion to dismiss the antitrust counterclaims, and an expedited motion for a protective order staying discovery related to the anti-trust counterclaims until its other motions are

decided. (ECF Nos. 65, 67, 70.) K-C seeks to stay and separate the anti-trust counterclaims because they necessarily depend on the validity of the '379 patent, which must be established by K-C to prevail on the sole claim in its complaint. In its motion to dismiss, K-C argues that the antitrust counterclaims are barred by the doctrine of claim preclusion based on a previous action in a Pennsylvania district court that ended in a settlement between the parties and dismissal of the action with prejudice on August 26, 2014. (*See* ECF Nos. 70 & 71.) The parties are presently briefing the motion to stay and separate and the motion to dismiss. The expedited motion for a protective order is fully briefed.

District courts have broad discretion in controlling discovery. Under Rule 26(d) of the Federal Rules of Civil Procedure, a court may control the sequence of discovery for the parties' convenience and in the interests of justice, and under Rule 26(c), the court may, for good cause, limit the scope of discovery. Here, K-C seeks a protective order staying discovery related to the anti-trust counterclaims pending the court's resolution of K-C's other motions. K-C argues the discovery stay is warranted because if its motion to dismiss is granted, the discovery will have been unnecessary. FQ responds that the pendency of a motion to dismiss does not automatically constitute good cause to stay discovery related to the claims subject to dismissal, and argues that there is significant overlap between the discovery that would be stayed in this case and discovery related to its affirmative defenses, including the equitable defense of unclean hands, which would not be subject to the stay.

At this time, the court is satisfied that good cause exists to enter the protective order. Such a stay of discovery is a fairly routine way of guarding against the expenditure of unnecessary effort and expense while a motion to dismiss is pending. *E.g.*, *Thompson v. Ret. Plan for Employees of S.C. Johnson & Sons, Inc.*, No. 07-CV-1047, 2008 WL 4964714, at *10 (E.D. Wis. Nov. 14, 2008).

And as the Supreme Court recognized in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), discovery relating to anti-trust claims is typically very burdensome and costly. The court also finds that FQ will not be prejudiced by the protective order granting the stay. The protective order will only stay discovery until the other motions are resolved, which will be relatively soon since briefing will be completed shortly. Any prejudice to FQ that results from delay can be avoided by adjusting the scheduling order.

For these reasons, K-C's Rule 7(h) motion (ECF No. 67) is hereby **GRANTED** and discovery relating exclusively to FQ's Counterclaims I–III is hereby **STAYED** pending resolution of K-C's remaining motions. Discovery relating to K-C's claims, including FQ's affirmative defenses to those claims, may proceed.

**SO ORDERED** this  5th  day of January, 2015.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court