**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

---

Kimberly-Clark Worldwide, Inc., and
Kimberly-Clark Global Sales, LLC,

Plaintiffs,

v.

First Quality Baby Products, LLC,
First Quality Retail Services, LLC, and
First Quality Consumer Products, LLC,

Defendants.

Case No. 1:14cv1466

Judge William C. Griesbach

---

First Quality Baby Products, LLC, and
First Quality Consumer Products, LLC,

Counterclaim-Plaintiffs,

v.

Kimberly-Clark Corporation,
Kimberly-Clark Worldwide, Inc., and
Kimberly-Clark Global Sales, LLC,

Counterclaim-Defendants.

**JURY TRIAL DEMANDED**

---

# FIRST QUALITY'S OPPOSITION TO KIMBERLY-CLARK'S EXPEDITED MOTION FOR AN EXTENSION OF TIME

---

First Quality's counsel takes seriously its obligation to "agree to reasonable requests for extensions of time … provided our clients' legitimate rights will not be materially or adversely affected." *Lawyers' Duties to Other Counsel*, *Standards for Professional Conduct Within the Seventh Federal Judicial Circuit*, Paragraph 17. K-C's eleventh-hour request for an extension to file its reply brief in support of its Motion to Dismiss First Quality's antitrust counterclaims, however, will do both.

K-C offers no reason for that extension other than its desire to file a combined brief for purposes of "efficiency" (ECF 95 ¶ 3). But that rationale, even if true, should not be permitted to undermine First Quality's compelling interest in preventing *any* delay in the resolution of K-C's Motion to Dismiss and expediting as much as possible this Court's related evaluation of whether the current stay should continue. In granting K-C's motion to stay discovery, the Court recognized that First Quality might be prejudiced by a lengthy stay by acknowledging that the "protective order will only stay discovery until the other motions are resolved, which will be relatively soon *since briefing will be completed shortly*." (ECF 76 at 3 (emphasis added).) Now, K-C's present motion suggests that "these matters will not be fully briefed until, *at the earliest, early March 2015*." (ECF 95 ¶ 4 (emphasis added).)

First Quality's counsel has agreed to, and will continue to agree to, reasonable extensions.[1] In fact, First Quality advised K-C that it would give K-C a reasonable extension to respond to First Quality's Motion for Summary Judgment. What First Quality cannot consent to are requests that, like the one here, would further delay the antitrust case. K-C sought and

[1] First Quality consented to an additional week for K-C to consider a draft of the antitrust counterclaims, even after K-C had ignored First Quality's earlier letter asking K-C to withdraw the infringement claim given the Federal Circuit's *per curiam* order (*see* ECF 57, 58-2, & 58-3). Once those counterclaims were filed, First Quality consented to an extension of time for K-C to file a responsive pleading (*see* ECF 60) due to the Thanksgiving holiday.

obtained a protective order staying discovery on First Quality's antitrust claims pending resolution of K-C's Motions to Dismiss and for Separation and Stay (ECF 76), requiring resolution of K-C's Motion to Dismiss before discovery on First Quality's antitrust claims can proceed. *Any* further extension of the briefing schedule on K-C's Motion to Dismiss—already lengthened once—would needlessly delay resolution of that motion, further jeopardize the December 2015 trial date, and aggravate the prejudice to First Quality. Denying the present motion will mean that K-C's Motion to Dismiss will be fully briefed this coming Monday.

Imposing delay as a matter of convenience to K-C is completely unwarranted, particularly where, as here, First Quality has proceeded with diligence at every turn. Not only has First Quality sought no extensions of its own—electing to brief its opposition to K-C's Motion to Dismiss over the Christmas and New Year's holidays—but it also filed its opposition to K-C's December 16 Motion for Separation and Stay *seventeen days* before that brief was due.

Apart from the delay and prejudice that would result from granting K-C's request, K-C has failed to show good cause for an extension. Contrary to its suggestion that First Quality is "insisting upon a piecemeal presentation" (ECF 95 ¶ 4), K-C can brief these issues "efficiently" under the current schedule by filing its reply on February 2, and a separate opposition on February 18 that incorporates by reference the arguments K-C already made on preclusion in its first brief. K-C has not offered any reason why it is unacceptable or less efficient to proceed in that fashion. Of course, had K-C been diligent in seeking to file a combined brief, it could have filed one on February 2 without any prejudice to the schedule or First Quality.

Further, K-C's Motion to Dismiss does not depend on resolution of First Quality's Motion for Summary Judgment. The only overlapping issue between the two motions is preclusion, yet even as to this lone issue, the two motions implicate different standards and

different burdens, requiring them to be evaluated and decided independently. This Court can (and should) deny K-C's Motion to Dismiss (in which K-C challenges the sufficiency of First Quality's pleading) in the first instance, and then separately decide whether First Quality has demonstrated its entitlement to judgment on that defense as a matter of law. K-C should not be heard to cite First Quality's decision to promptly seek a final decision on a meritless affirmative defense as an excuse to justify delaying resolution of other issues in the case.

K-C's request to file a combined brief seems to be less about efficiency and more about allowing K-C to tailor its brief in a manner as to exceed the 15-page limit on its reply in support of its Motion to Dismiss. K-C cannot hope to succeed on its Motion to Dismiss on preclusion grounds, an argument so weak that First Quality, not K-C, is entitled to a dispositive order on this issue. Tellingly, K-C has not offered to limit argument on sham litigation in any way in its proposed combined brief, nor has K-C discussed allocation of issues in their proposed combined brief at all. The current schedule and Local Rules allow K-C more than enough leeway to present its arguments efficiently. K-C should not be rewarded for making its baseless preclusion claims by being given additional time and argument to address First Quality's sham litigation claims.

For these reasons, First Quality respectfully asks this Court to deny K-C's motion for extension, ensuring that K-C's Motion to Dismiss is fully briefed and ripe as of February 2. We too are available to discuss this matter today at the Court's convenience.

*   *   *

Date:    January 30, 2015				Respectfully submitted,


				*/s/ J. Wells Harrell*
				Kenneth P. George
				Ira E. Silfin
				Brian A. Comack
				Mark Berkowitz
				Jessica A. Capasso
				AMSTER ROTHSTEIN & EBENSTEIN LLP
				90 Park Avenue
				New York, NY 10016
				Phone:	(212) 336-8000
				Email:	kgeorge@arelaw.com
						isilfin@arelaw.com
						bcomack@arelaw.com
						mberkowitz@arelaw.com
						jcapasso@arelaw.com

				Michael A. Brille
				Christopher G. Renner
				J. Wells Harrell
				BOIES, SCHILLER & FLEXNER LLP
				5301 Wisconsin Avenue, NW
				Washington, DC  20015
				Phone: (202) 237-2727
				Email:	mbrille@bsfllp.com
						crenner@bsfllp.com
						wharrell@bsfllp.com

				David R. Cross
				QUARLES & BRADY LLP
				411 East Wisconsin Avenue
				Milwaukee, WI 53202
				Phone: (414) 277-5000
				Email:	david.cross@quarles.com

				T. Wickham Schmidt
				LAW FIRM OF CONWAY, OLEJNICZAK & JERRY, S.C.
				231 South Adams Street
				Green Bay, WI 54301
				Phone: (920) 437-0476
				Email:	tws@lcojlaw.com

**ATTORNEYS FOR DEFENDANTS FIRST QUALITY BABY PRODUCTS, LLC, FIRST QUALITY RETAIL SERVICES, LLC, AND FIRST QUALITY CONSUMER PRODUCTS, LLC.**