UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KIMBERLY-CLARK WORLDWIDE INC. et al.,

    Plaintiffs,

v.                                                      Case No. 14-CV-1466

FIRST QUALITY BABY PRODUCTS LLC et al.,

    Defendants.

---

FIRST QUALITY BABY PRODUCTS LLC et al.,

    Counterclaim-Plaintiffs,

v.

KIMBERLY-CLARK WORLDWIDE INC. et al.,

    Counterclaim-Defendants.

## DECISION AND ORDER

On September 20, 2016, FQ filed a motion seeking an award of attorney fees and expert fees from K-C incurred in its defense of K-C's assertion of the '379 patent, pursuant to 35 U.S.C. § 285. (ECF No. 247.) The motion was stayed pending resolution of the case's remaining antitrust claims and was reinstated following the Court's order for judgment on January 17, 2017. FQ's motion is now fully briefed and for the following reasons, its request for attorney and expert fees is denied.

### BACKGROUND

The facts of the underlying action are more fully set forth in the Court's Decision and Order Granting FQ's Motion for Summary Judgment (ECF No. 217), Decision and Order Granting K-C's

Motion to Dismiss (ECF No. 251), and Order for Judgment (ECF No. 274). In brief, this action arose from FQ's alleged infringement of Patent No. 8,747,379 (the '379 patent). However, this case is essentially just one battle in a line of patent disputes between K-C and FQ over patents owned by K-C relating to children's training pants with refastenable side seams. K-C previously filed an action in this Court against FQ on U.S. Patent No. 6,849,067 (the '067 patent). In September 2012, this Court granted FQ's motion for summary judgment that the asserted claims in the '067 patent were invalid as obvious. *Kimberly-Clark Worldwide, Inc. v. First Quality Baby Products, LLC*, 900 F. Supp. 2d 903, 909 (E.D. Wis. 2012). The Federal Circuit later issued a *per curiam* order affirming the decision. *Kimberly-Clark Worldwide, Inc. v. First Quality Baby Products, LLC*, 579 F. App'x 996 (Fed. Cir. 2014).

While the '067 patent action was pending, K-C filed Application No. 12/692, 103 (the '103 Application) in the U.S. Patent and Trademark Office (PTO) on January 22, 2010 as a continuation of several previous applications—including the '067 patent. The Examiner issued a Notice of Allowance on October 10, 2012 indicating that the Examiner approved the pending claims and intended to allow the '379 patent to issue. In light of this Court's decision on the '067 patent, however, K-C submitted the summary judgment decision to the Examiner on November 6, 2012. The Examiner considered this Court's summary judgment decision and nevertheless issued the '379 patent on June 10, 2014.

K-C filed this suit against FQ in July 2014, alleging infringement of the '379 patent. FQ filed an answer denying liability and counterclaims seeking declarations of non-infringement and invalidity. K-C originally filed its action in the Western District of Wisconsin, but the action was transferred to the Eastern District because of the Court's prior history with the predecessor and related patents.

2

When K-C continued its suit even after the Federal Circuit's decision affirming the Court's judgment of invalidity of the '067 patent, FQ added various counterclaims for antitrust and state law violations.

On September 30, 2015, this Court granted FQ's motion for summary judgment that the asserted claims in the '379 patent are invalid under collateral estoppel arising from the Federal Circuit's affirmance, and invalid as obvious in the first instance for reasons similar to the reasons that the claims in the '067 patent were held invalid as obvious. Final judgment was not entered to allow for resolution of FQ's counterclaims. This Court dismissed FQ's Pattern of Litigation, Sham II, and *Walker Process* Antitrust Counterclaims, as well as the Wisconsin Unfair Deceptive Acts and Breach of Candor Counterclaims with prejudice under Fed. R. Civ. P. 12(b)(6). FQ filed a notice of voluntary dismissal of its remaining Sham Litigation antitrust counterclaims on November 11, 2016. This Court was then notified that the PTO's Patent Trial and Appeal Board (PTAB) had conducted *inter partes* review of the '379 patent and issued decisions finding all of the claims of the '379 patent invalid as obvious.

The Court entered judgment on January 17, 2017 dismissing K-C's patent claim as moot in light of the decisions by the PTAB invalidating all claims of the '379 patent, dismissing FQ's '379 Sham Litigation Antitrust Counterclaim with prejudice, and dismissing FQ's remaining counterclaims consistent with the previous order granting K-C's motion to dismiss. FQ now seeks an award of attorneys fees and expert fees, asserting that this is an exceptional case meriting fees because K-C relitigated decided issues, made phantom/unsupported/untimely arguments, and filed its Complaint in the wrong forum.

## LEGAL STANDARD

The Patent Act fee-shifting provision provides that "[t]he court in exceptional cases *may*

3

award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285 (emphasis added). An exceptional case is one that "stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). In determining whether a case is exceptional, a district court considers "the totality of the circumstances." *Id.* The decision to award attorneys' fees is one of "equitable discretion." *Id.* The parties do not appear to dispute that FQ is the prevailing party for the purposes of its motion, so I will only address whether this is an exceptional case with respect to the substantive strength of the parties' litigation positions or whether the case was litigated in an unreasonable manner.

## ANALYSIS

FQ argues that this case is exceptional because it stands out from others with respect to the substantive strength of K-C's litigating position and because K-C litigated in an unreasonable manner. It raises several issues it claims demonstrates the need for attorney fees in this case. First, FQ argues that K-C relitigated several issues and "made arguments that had clearly been foreclosed by previous rulings." *Chicago Bd. Options Exch., Inc. v. Int'l Sec. Exch., LLC*, No. 07-CV-623, 2014 WL 6978644, at *5 (N.D. Ill. Dec. 10, 2014). Specifically, FQ references at least seven examples where it claims K-C made arguments in support of the '379 patent that disregarded my findings in the '067 summary judgment decision. (FQ's Reply Br., ECF No. 287, at 4–5.) Second, FQ argues K-C unreasonably litigated because K-C made phantom, unsupported, and untimely arguments. As I noted in the order granting FQ's motion for summary judgment, "I agree with FQ that K-C has raised nothing more than a series of 'phantom' disputes as to the scope and content of the prior art. . . . In reality, this case is not about reasonable differences of opinion as to the scope

4

of the prior art references." (ECF No. 217 at 17.) I also found K-C's argument on summary judgment regarding containment flaps both untimely and unpersuasive. (*Id.* at 11.) Finally, FQ argues attorney fees are warranted because K-C filed its complaint in the wrong forum in an attempt to relitigate previously decided issues in front of a different judge. *See TechRadium, Inc., v. FirstCall Network, Inc.*, Nos. H-13-2487, 13-2641, 2015 WL 862326, at *8 (S.D. Tex. Feb 27, 2015) (holding that plaintiff's litigation positions, including filing the suit away from the court already familiar with similar claims, "suggest[ed] efforts to avoid the prior litigation effects and to increase the defense costs for [defendants]").

Based upon the totality of circumstances, I conclude this is not an exceptional case warranting an award of attorney fees under *Octane Fitness*. FQ's motion certainly demonstrates that K-C put forward several unsuccessful arguments throughout this suit. Indeed, had the PTAB not found all the claims of the '379 patent invalid as obvious, K-C's infringement claims still would have been dismissed based on my conclusion that there was nothing patentably significant about the differences between the invalidated claims of the '067 patent and the asserted claims of the '379 patent. Nevertheless, K-C did not litigate in an unreasonable manner. It submitted the summary judgment decision on the '067 patent to the PTO while the '103 Application was pending, which the PTO considered. The '379 patent was presumed valid upon issuance. *See* 35 U.S.C. § 282(a). Indeed, "[a] patent holder has the right to vigorously enforce its presumptively valid patent." *Homeland Housewares, LLC v. Sorensen Research & Dev. Trust*, 581 F. App'x 877, 881 (Fed. Cir. 2014). Once the PTO issued the '379 patent, it was presumed valid and K-C did not act unreasonably simply by bringing a patent infringement claim. Nor can I say that K-C's decision to continue litigation of the '379 patent after the Federal Circuit's affirmance of the '067 summary

judgment decision was unreasonable. The PTO treated the '067 and '379 patents as distinct during the latter's issuance and it was not objectively unreasonable for K-C to do the same. FQ's real complaint is with the examiner who issued the '379 patent, not K-C who acted in reliance upon the presumed validity of the patent it was granted.

I also cannot conclude that K-C's arguments were clearly foreclosed by the decision granting FQ's motion for summary judgment on the '067 patent. Significantly, the PTO did not issue the '379 patent until *after* it reviewed the summary judgment decision which found the asserted claims in the '067 patent invalid as obvious. The PTO also did not issue a double patenting rejection, which suggested that the '379 and '067 patents were patentably distinct. Although I ultimately determined that collateral estoppel applied to the arguments that K-C raised regarding the '379 patent, "[a] litigation position that seems obviously wrong after a decision on the merits might have seemed reasonable when judged without the benefit of hindsight." *Vocaltag Ltd. v. B.V.*, No. 13-CV-612, 2016 WL 5395878, at *1 (W.D. Wis. Sept. 27, 2016). K-C did not "clearly" relitigate issues as FQ alleges but rather it arguably litigated based upon the reasonable belief that the '067 and '379 patents were sufficiently distinct and therefore could raise what it believed were its strongest arguments. Accordingly, this case does not "stand out from others" to the extent needed for an award of attorneys fees because K-C litigated based upon the presumed validity of the '379 patent.

The totality of the circumstances further weigh against an award of fees when considering the case in its entirety. K-C's decision to file in the Western District of Wisconsin, while unsuccessful, does not merit an award of fees. Although the court noted that the flexible transfer standards "strongly favor[ed] transfer" to the Eastern District of Wisconsin, venue and jurisdiction were proper in the Western District and other factors supported adhering to K-C's choice of forum.

(ECF No. 50 at 4–9.) Additionally, this lawsuit did not conclude upon the (initial) resolution of K-C's patent infringement claims. FQ brought several antitrust and state counterclaims. K-C successfully moved to dismiss a majority of FQ's counterclaims, including the claims that K-C engaged in a pattern of predatory litigation and committed fraud on the PTO. Thus, I conclude that K-C's overall litigation position was not so substantively weak so as to warrant an award of attorney fees. FQ's motion for attorney fees is thus denied.

FQ's motion also requests an award of sanctions in the form of an award of reasonable expert fees. *See Takeda Chem. Indus., Ltd. v. Mylan Labs., Inc.*, 549 F.3d 1381, 1391 (Fed. Cir. 2008). "The use of this inherent power is reserved for cases with 'a finding of fraud or abuse of the judicial process.'" *Id.* (quoting *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 23 F.3d 374, 378 (Fed. Cir. 1994)). As with FQ's motion for attorney fees, I conclude the totality of the circumstances fail to demonstrate that K-C committed fraud or abused the judicial process in this case. Accordingly, FQ's request for expert fees is also denied.

## CONCLUSION

Considering the totality of the circumstances, I conclude that this case does not stand out from others with respect to the substantive strength of K-C's litigating position and that K-C did not litigate this case in an unreasonable manner. Therefore, for the reasons stated above, FQ's motion for attorney fees and expert fees incurred in defense of K-C's assertion of the '379 patent (ECF No. 247) is **DENIED**.

**SO ORDERED** this   18th   day of April, 2017.

                 s/ William C. Griesbach
                 William C. Griesbach, Chief Judge
                 United States District Court